IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-1178

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| TREVOR A. ROBINSON, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial[1]. The government presented the testimony of an agent with Immigration and Customs Enforcement ("ICE"). The defendant did not present any evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required. The government's motion is therefore GRANTED.

**Background**

Defendant was charged by criminal complaint on 21 February 2013 with reentry of a deported alien subsequent to an aggravated felony conviction on 30 January 2013 in violation of 8 U.S.C. § 1326(a) & (b)(2). The evidence presented at the hearing showed that defendant was found in Wake County on the alleged offense date by police officers who arrested him for resisting arrest. Defendant had attempted to flee from the officers. Record checks showed that

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

defendant was an alien who had previously been deported after convictions for drug and bribery offenses in the Eastern District of New York in 1984.  There is an ICE detainer on defendant.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons:  evidence showing that the government has a strong case, including the evidence reviewed above; the immigration-related nature of the offense charged; the circumstances of the offense charged, including defendant's attempt to flee from officers; defendant's criminal record, including multiple felony and misdemeanor convictions, evincing defendant's disregard of the law; the demonstrated ability of defendant to evade law enforcement, enhancing the risk of his avoiding prosecution if released; defendant's relatively advanced age (61); the extended prison term he is likely to face if convicted; the certainty of deportation after service of any such prison term; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the age of many of defendant's convictions.  It finds, however, that the factors favoring detention strongly outweigh such evidence.  Defendant has an intense incentive to flee given the prospect he faces of an extended prison term followed by deportation, particularly at his age.  The court has identified no condition or combination of conditions that would reasonably address this risk of flight.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private

2
Case 5:13-mj-01178-JG   Document 12   Filed 02/28/13   Page 2 of 3

consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of February 2013.

_____
James E. Gates
United States Magistrate Judge